1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GERALD JONES,                              No.  2:14-cv-0987 CKD P

12               Plaintiff,

13        v.                                     ORDER

14   C. CLARK, et al.,

15               Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding

19   was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has

20   consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2         The court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13   Cir. 1989); Franklin, 745 F.2d at 1227.

14        In order to avoid dismissal for failure to state a claim a complaint must contain more than

15   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

17   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

19   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

20   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

22   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

23   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

24   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

25   U.S. 232, 236 (1974).

26        Here, plaintiff alleges that medical and correctional staff at Mule Creek State Prison were

27   negligent in providing him care when, in 2011, he was the subject of a "code one emergency for

28   chest pains and weakness" and prison staff used an office chair, rather than a gurney, to transport

1  him.  Plaintiff fell off the chair and hurt his elbow.  (ECF No. 1 at 61.)  In documents attached to

2  the complaint, defendant Clark, a prison official responding to plaintiff's 602 grievance on the

3  subject, stated that staff "were trying to get you to the Triage and Treatment area for emergency

4  care as soon as possible.  Custody staff did look for a wheelchair but unfortunately could not find

5  one in the building. . . . [I]n an emergency situation, I believe that staff did the best they could to

6  expedite emergency care."  (Id. at 65.)

7          Denial or delay of medical care for a prisoner's serious medical needs may constitute a

8  violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

9  97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

10  deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

11  1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

12  Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

13          In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

14  F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

15  grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

16  plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

17  condition could result in further significant injury or the 'unnecessary and wanton infliction of

18  pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

19  existence of an injury that a reasonable doctor or patient would find important and worthy of

20  comment or treatment; the presence of a medical condition that significantly affects an

21  individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

22  at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

23          Second, the plaintiff must show the defendant's response to the need was deliberately

24  indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

25  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

26  indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

27  which the inference could be drawn that a substantial risk of serious harm exists," but that person

28  "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

1   approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839.  A

2   showing of merely negligent medical care is not enough to establish a constitutional violation.

3   Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A

4   difference of opinion about the proper course of treatment is not deliberate indifference, nor does

5   a dispute between a prisoner and prison officials over the necessity for or extent of medical

6   treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

7   (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

8        Under this standard, plaintiff has failed to state a medical indifference claim against any

9   defendant.  He has alleged, at most, negligence on the part of prison staff, which is not actionable

10   under § 1983.  See Frost, 152 F.3d at 1130.

11        As it fails to state a cognizable claim, the complaint will be dismissed.  However, plaintiff

12   will be granted one opportunity to amend the complaint to state a claim.  If plaintiff chooses to

13   amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted

14   in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

15   1980).  Also, the complaint must allege in specific terms how each named defendant is involved.

16   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

17   connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

18   362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

19   743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in

20   civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

21   1982).  If plaintiff chooses to amend the complaint, he should set forth a "short and plain

22   statement" of his claim and any related claims against the appropriate defendants.

23        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

24   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

25   complaint be complete in itself without reference to any prior pleading.  This is because, as a

26   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

27   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

28   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action.

Dated:  June 4, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /jone0987.14.new

5