UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JONES, | No. 2:14-cv-0987 CKD P |
| Plaintiff, | |
| v. | ORDER |
| C. CLARK, et al., | |
| Defendants. | |

This pro se prisoner action pursuant to 42 U.S.C. § 1983 proceeds against defendant Stephens. Plaintiff claims that defendant used excessive force against him on September 25, 2012, violating the Eighth Amendment ban on cruel and unusual punishment. (ECF No. 9 at 13.) Plaintiff alleges that defendant forced him to the ground when plaintiff had a cane for lower back problems, causing him extreme pain and discomfort. (Id. at 13, 31-32.)

Before the court are plaintiff's two motions to compel discovery. (ECF Nos. 39 & 40.) Defendant has opposed both motions. (ECF Nos. 41 & 42.) Plaintiff has filed a reply. (ECF No. 43.) The court addresses these motions in turn.

I. Legal Standard

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears

1

reasonably calculated to lead to the discovery of admissible evidence." Id.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012).

II. Analysis

A. First Motion

In his first motion, plaintiff asserts that, as of June 29, 2015, defendant had not responded to two sets of discovery requests he served in May 2015.  (ECF No. 39.)  The first was his Request for Admissions, served May 8, 2015.  The second was his Request for Production of Documents, served May 20, 2015.  (Id.)

In opposition, defendant's counsel asserts that he timely responded to plaintiff's Request for Production of Documents by the June 30, 2015 discovery deadline.  (ECF No. 41; see ECF No. 38.)  He attaches a Declaration of Service to this effect.  (ECF No. 41, Ex. A at 5.)  Thus plaintiff's motion will be denied as moot as to the document requests.

As to the Request for Admissions ("RFAs"), plaintiff asserts that he "personally served the defense counsel" with his RFAs at Mule Creek State Prison on May 8, 2015.  (ECF No. 43; see ECF No. 40 at 8-10.)  Defense counsel acknowledges this, but notes that the RFAs were untimely, as the discovery deadline at the time was May 11, 2015.  (ECF No. 41 at 2; see ECF No. 34.)  After reviewing the RFAs, defense counsel declares, he returned them to plaintiff and informed him that he would have to seek leave of court to serve them after the deadline and then re-serve them in a timely fashion.  (Id. at 2.)  Plaintiff denies that defense counsel ever returned the RFAs to him.  (ECF No. 43 at 2.)

On May 18, 2015, the court granted plaintiff's motion to modify the scheduling order, setting the discovery deadline at June 30, 2015.  (ECF No. 38.)  On June 1, 2015, plaintiff sent a letter to defense counsel seeking to resolve discovery issues, including the RFAs, but did not

2

receive a reply.  (ECF No. 43 at 2-3.)  Plaintiff did not re-serve the RFAs before June 30, 2015.  (See ECF No. 41 at 3.)

In light of plaintiff's pro se status and his attempts to serve and discuss the RFAs before June 30, 2015, the court will order defendant to respond to the RFAs within 14 days.

B.  Second Motion

Plaintiff's second motion concerns defendant's responses to the document requests.  He argues that defendant's responses are insufficient as to Requests Nos. 1-5 and 8.  (ECF No. 40.)

In the disputed requests, plaintiff sought the following documents (id. at 12-13):

> 1. "All documents produced by the first line supervisor or response supervisor pursuant to CCR Title 15 § 3268(a)(9)."

Defendant objected on the grounds of overbreadth, and irrelevance.  He also asserted that, to extent the request encompassed personnel or investigatory documents concerning the September 25, 2012 incident, these were privileged and confidential.  However, in response to this request he produced two non-confidential documents: a CDCR Form 837 Crime/Incident report and a CDCR Form 115 Rules Violation Report, both concerning the September 25, 2012 incident.

Defendant included with his responses to plaintiff a declaration by D. Azevedo, an Office Assistant to the Litigation Coordinator for Mule Creek State Prison.  (ECF No. 42, Ex. A.)  Azevedo declares that a search at MCSP turned up five documents that "may potentially be deemed as relating to the use of force investigation and critique of the September 25, 2012 incident": (1) November 30, 2012 Institutional Executive Review Committee Critique and Qualitative Evaluation; (2) November 30, 2012 IERC Use of Force Review and Further Action Recommendation; (3) September 25, 2012 Incident Commander's Review/Critique Use of Force Incidents; (4) October 2, 2012 Manager's Review – First Level Use of Force Incidents; and (5) October 3, 2012 Manager's Review – Second Level Use of Force Incidents.  (Id., ¶ 5.)

Azevedo declares that "[t]he investigative/inquiry findings of these documents (and related investigations) are considered confidential and maintained in strict confidence by CDCR[,]" as their disclosure would compromise institutional safety and security.  (Id., ¶¶ 7-10.)

Azevedo further declares that CDCR treats personnel records as confidential, as their disclosure could threaten the employee and jeopardize prison operations. (Id., ¶¶ 13-14.)

In his motion, plaintiff argues that internal review documents should be discoverable under a protective order.

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of the disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Id. at 1033–34. "[W]here otherwise discoverable information would pose a threat to the safety and security of a prison . . . , a need may arise for the Court to balance interests in determining whether disclosure should occur." Scott v. Palmer, 2014 WL 6685810, *1 (E.D. Cal. Nov. 26, 2014) (collecting cases). "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995). The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters attested. Id. "If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents in issue. If a defendant meets the threshold requirements, the court will order an in camera review of the material and balance each party's interests." Id.

Based on the Azevedo declaration, defendant has made a threshold showing that the five investigative documents identified above are privileged. Thus, the court will order defendant to submit these materials for in camera review, along with a motion to file them under seal pursuant to Local Rule 141.

> 2. "All documents produced by the second line supervisor or the incident commander pursuant to CCR Title § 3268(a)(11)."

As above, defendant objected on the grounds of overbreadth, irrelevance, and confidentiality. However, in response to this request, he produced 39 pages of non-confidential documents.

4

1    In his motion, plaintiff again argues against the blanket assertion of privilege for

2  investigatory and personnel documents. As noted above, the court will review in camera the five

3  such documents identified as relevant and possibly responsive to this request.

4    3. "All documents produced by the Institutional Executive Review
        Committee (IERC)."
5

6    Defendant objected on the same grounds as above. Citing the Azevedo declaration, he

7  produced no documents in response to this request. The court will review in camera the five

8  documents identified as relevant and possibly responsive to this request.

9    4. "All documents of evaluations and reviews from the Joint Use
        Committee (JUC)."
10

11   Defendant responded to this request as he did to No. 3, citing various objections and

12 confidentiality. The court will review in camera the five documents identified as relevant and

13 possibly responsive to this request.

14   5. "CDCR form 3012 & 3014, required when an inmate has made
        an allegation of excessive force."
15

16   Defendant objected on the grounds of vagueness, overbreadth, and irrelevance, and further

17 stated that no such documents existed or were created in response to the September 25, 2012

18 incident. In opposition to plaintiff's motion, defendant again asserts that the search for

19 responsive documents at MCSP did not turn up any such documents.

20   This court cannot order a defendant to produce documents that do not exist or are not in

21 the defendant's possession or control. See Fed. R. Civ. P. 34(a); United States v. Int'l Union of

22 Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) ("The party seeking the

23 production of documents . . . bears the burden of proving that the opposing party has such

24 control."). Thus the court will deny plaintiff's motion as to Request No. 5.

25   8. "All video production material (surveillance video) produced in
        the normal course of business on A yard on the day alleged in the
26      plaintiff's complaint."

27   Defendant responded that no such video exists. Plaintiff argues that CDCR policy

28 requires a video interview after an allegation of excessive force. For the same reasons as above,

the court will deny plaintiff's motion as to Request No. 8.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first motion to compel (ECF No. 39) is granted and denied in part:

    a. Denied as moot as to the Request for Production of Documents; and

    b. Granted as to the Request for Admissions.  Defendant shall serve a response to plaintiff's RFAs no later than fourteen days from the date of this order.

2. Plaintiff's second motion to compel (ECF No. 40) is denied as to Requests Nos. 5 & 8.

3. As to Requests Nos. 1-4, within thirty days of the date of this order, defendant shall submit for in camera review the five documents identified in the Azevedo Declaration, along with a motion to file these documents under seal pursuant to L.R. 141.

4. The dispositive motion deadline of September 18, 2015 is vacated pending the resolution of these discovery issues, to be reset at a later time.

Dated:  August 25, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / jone0987.mtc