UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JONES, | No. 2:14-cv-0987 CKD P |
| Plaintiff, | |
| v. | ORDER |
| C. CLARK, et al., | |
| Defendants. | |

In its August 25, 2015 ruling on plaintiff's motions to compel, the court ordered defendants to submit five investigatory documents for in camera review, as such materials were potentially responsive to plaintiff's requests. (ECF No. 47.) Based on defendants' representation that disclosure of these documents could impact institutional safety, the court ordered the documents to be filed under seal. (ECF No. 51.)

Having reviewed these documents in camera and ascertained that they are responsive to plaintiff's document requests and highly relevant to plaintiff's claims, the court now considers whether they should be disclosed to plaintiff under a protective order.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The court has broad discretion to decide when it is appropriate to issue a protective order and the degree of protection required. Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d

1

1206, 1211 (9th Cir. 2002).

The five documents at issue are internal investigative reports concerning the September 25, 2012 incident that is the basis of plaintiff's excessive force claim against defendant Stephens.[1] (ECF No. 52.) In opposition to plaintiff's motion to compel, defendants submitted the declaration of D. Azevedo, an Office Assistant to the Litigation Coordinator for Mule Creek State Prison, who declared in part:

> 7. Investigative and inquiry findings and reports are generally prepared on the basis of, among other things, interviews with prisoners and custodial staff, with the understanding that statements made in the course of the interviews will remain confidential.
>
> . . .
>
> 8. The disclosure of these investigative findings could lead to witnesses being unwilling, or less willing, to cooperate with investigators. Witnesses could also be subject to reprisals from other inmates based on their statements. Both of these situations would have obvious negative impacts on the safety and security of the institution.
>
> . . .
>
> 13. An inmate's access to an officer's employee records or other personnel-related information would lead to harassment and potential safety and security concerns for the staff member involved.

(ECF No. 42, Ex. A at 13-14.)

However, the documents at issue do not name inmate witnesses. Nor do they contain personnel information more sensitive than is normally disclosed in the course of discovery. Thus the court concludes that no protective order is warranted and will order the documents produced to plaintiff as discoverable.

////

////

---

[1] (1) November 30, 2012 Institutional Executive Review Committee Critique and Qualitative Evaluation; (2) November 30, 2012 IERC Use of Force Review and Further Action Recommendation; (3) September 25, 2012 Incident Commander's Review/Critique Use of Force Incidents; (4) October 2, 2012 Manager's Review – First Level Use of Force Incidents; and (5) October 3, 2012 Manager's Review – Second Level Use of Force Incidents. (Id.)

IT IS HEREBY ORDERED THAT:

1. No later than fourteen days from the date of this order, defendants shall produce the documents filed under seal at ECF No. 52 to plaintiff; and

2. No later than forty-five days from the date of this order, plaintiff shall file an opposition or statement of non-opposition to defendants' motion for summary judgment (ECF No. 44).

Dated:  October 7, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hard2371.po

3